**SO ORDERED.**

**SIGNED this 4 day of October, 2016.**



**Austin E. Carter
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 11-53381-AEC |
| Leslie A. Butler, Jr., | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |

### ORDER DENYING WITHOUT PREJUDICE MOTION TO RELEASE UNCLAIMED FUNDS

Before the Court is a *Motion to Release Unclaimed Funds* (Dkt. 49) filed pursuant to 28 U.S.C. § 2042 on behalf of the Debtor's sister, Lessie B. Lanier ("Lanier"). The Debtor, Leslie A. Butler, Jr., died while completing a Chapter 13 plan. The Debtor completed all of the payments due under the plan either prior to his death or posthumously, through his estate. The funds at issue were deposited into the registry of the court by the Chapter 13 trustee pursuant to 11 U.S.C. § 347(a) on June 17, 2016.[1] Lanier requests that the Court release the funds to her, payable to the Estate of Leslie A. Butler, Jr., because she is the Debtor's sole surviving heir with the right to collect his property. Because Lanier has not met her burden of showing that she is entitled to the release of the funds sought, the Motion is denied without prejudice.

---

[1] Unless otherwise indicated, all references herein to "section" or "§" refer to a corresponding section of the Bankruptcy Code, and all references to the "Bankruptcy Code" relate to the corresponding sections of Title 11 of the U.S. Code.

## FACTUAL BACKGROUND

The Debtor commenced his Chapter 13 bankruptcy case on October 25, 2011 by filing both the Chapter 13 petition and his proposed plan with the Court. The Debtor's plan was confirmed on March 12, 2012. After making plan payments for almost four years, the Debtor passed away on January 10, 2016. The Court was notified of the Debtor's death on February 1, 2016. On June 16, 2016, after ensuring that the Debtor's payments under the plan had been completed, the Trustee transmitted $7,904.06 worth of overpayments to the Court as unclaimed funds, pursuant to § 347(a).[2] On July 14, 2016, the Trustee submitted her final report to the Court stating that the Debtor completed his Chapter 13 case on February 16, 2016. The Debtor's discharge order was signed on August 3, 2016.

On August 8, 2016, the law firm of Dilks and Knopik, LLC, acting on behalf of Lanier, submitted an *Application for the Recovery of Unclaimed Funds* to the Court (Dkt. 49). The Application includes: (1) a petition/motion, dated August 2, 2016, requesting release of the Debtor's unclaimed funds, in the amount of $7,528.62 [sic], to Lanier on behalf of the estate of Leslie A. Butler; (2) a power of attorney authorizing Dilks and Knopik, LLC to act on behalf of Lanier to recover the unclaimed funds; (3) a copy of Lanier's driver's license and proof of Lanier's address; (4) a copy of the Debtor's death certificate; and (5) an Affidavit of Heirship signed under penalty of perjury by Lanier stating that she is the surviving heir to the Debtor, who passed away without a Last Will and Testament and without a surviving spouse or children. In the Affidavit of Heirship, Lanier requests release of the unclaimed funds.

## DISCUSSION

Section 347(a), which governs unclaimed property of the estate, states "[n]inety days after the final distribution . . . under chapter 7, 12, or 13 of this title . . . any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28." As incorporated into the Code by reference in § 347(a), 28 U.S.C. §§ 2041-42 provide

---

[2] This $7,904.06 overpayment total likely results from Citifinancial's turnover of approximately $10,943.35 that it wrongfully retained by collecting disbursement checks from the Trustee on behalf of the Debtor from April 2012 until October 2015 when the Debtor's account had been paid in full in April 2012 (Dkts. 32 and 36).

2

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money to the *rightful owners* upon security, according to agreement of parties, under the direction of the court.

28 U.S.C. § 2041 (emphasis added).

> No money deposited under section 2041 of this title shall be withdrawn except by order of court.
>
> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and *full proof of the right thereto*, obtain an order directing payment to him.

28 U.S.C. §2042 (emphasis added).

Thus, when unclaimed funds are deposited with the court under § 347(a), the court has a duty to ensure that those funds are distributed to their "rightful owners" who provide "full proof" of their right to the funds. *Id. See In re Meyers,* No. 09-10264, 2015 WL 5025275, at *2 (Bankr. N.D. Ohio Aug. 24, 2015) (first citing *In re Rush Hampton Indus., Inc.,* 379 B.R. 192, 193 (Bankr. M.D. Fla. 2007); then citing *In re Bradford Production, Inc.,* 375 B.R. 356 (Bankr. E.D. Mich. 2007) (quoting *In re Applications for Unclaimed Funds Submitted in Cases Listed on Exhibit "A",* 341 B.R. 65, 69 (Bankr. N.D. Ga. 2005))); *see also In re Rodriguez,* 488 B.R. 675, 678 (Bankr. E.D. Cal. 2013) (citing *In re Pena,* 456 B.R. 451, 453 (Bankr. E.D. Cal. 2011) (citing *In re Scott,* 346 B.R. 557, 558 (Bankr. N.D. Ga. 2006))). The Court must insist on "exact compliance with legal requirements" to ensure that the individual claiming the funds is acting on behalf of the "true owner." *In re Applications for Unclaimed Funds,,* 341 B.R. at 69; *see also In re Meyers,* 2015 WL 5025275, at *2. The burden is on the party attempting to withdraw the

funds to prove, by a preponderance of the evidence, that she is legally entitled to the funds sought. *United States v. Beach,* 113 F.3d 188, 191 (11th Cir. 1997); *In re Meyers,* 2015 WL 5025275, at *2; *In re Pena,* 456 B.R. at 453 (citing *In re Acker,* 275 B.R. 143, 144 (Bankr. D.D.C. 2002)).

Bankruptcy courts apply state law to determine property rights - like who has title to the unclaimed funds from a deceased's bankruptcy proceedings. *See Butner v. United States,* 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law . . . there is not reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty[.]); *see also In re Meyers,* 2015 WL 5025275, at *2 (citing *In re Rodriguez,* 488 B.R. at 678). In this case, the provisions of the Georgia Code on intestacy and inheritance govern the distribution of the property pursuant to 28 U.S.C. § 2042.

Under Georgia law, legal title to an intestate decedent's personal property "vest[s] in the administrator of the estate for the benefit of the decedent's heirs and creditor" upon the death of the decedent. O.C.G.A. § 53-2-7(b) (2011). Thus, in Georgia, an heir to an intestate decedent's personal property cannot obtain title or possession to that property without the administrator's assent or without obtaining an order that no administration is necessary. *See* O.C.G.A. § 53-2-7(e) (2011) ("If an order has been entered under Code Section 53-2-41 that no administration is necessary, or if the administrator has assented to the vesting of title in the heirs, the heirs may take possession of the property or may sue for possession of the property in their own right.").

The Court's review of Georgia law has revealed that an intestate heir must go through some process with the probate court, either to establish an administrator of the estate and proceed through the administration process (O.C.G.A. §§ 53-6-20 to -21) or to obtain an order that no administration is necessary (O.C.G.A. §§ 53-2-40 to -42), in order to obtain title to unclaimed funds deposited with the court. By following the processes prescribed by Georgia law, the

4

administrator or heirs obtain the authority, and the proof of that authority, to take title to property of the estate.

In some specific circumstances, Georgia law provides an alternative to formal administration, or to obtaining an order that no administration is necessary, for an heir to acquire property of an intestate estate.[3] However, none of those circumstances are implicated when an heir attempts to collect money deposited with the court pursuant to § 347(a), either on behalf of the decedent's estate or on behalf of the heir herself. Moreover, unlike some other states, Georgia law does not allow heirs to prove their right to unclaimed funds by filing "Affidavits of Heirship." *See, e.g.*, *In re Rodriguez,* 488 B.R. at 677-79 (describing that intestate heir's "Affidavit of Heirship" did not comply with the requirements of Cal. Prob. Code §§ 13100, 13101 which allow heirs to receive personal property of a decedent by proving heirship through an affidavit in some circumstances).

In this case, Lanier submitted five documents in her *Application for the Recovery of Unclaimed Funds* that she claims establish her authority to collect the Debtor's unclaimed funds. However, under Georgia law, the documents do not, neither individually nor collectively, establish that Lanier is entitled to collect the unclaimed funds, either on behalf of the estate or in her individual capacity. Instead, Lanier should have gone through the probate court to obtain the documents sufficient to prove that she can collect the funds as the administrator of the estate or, in the case of no administration, that she can collect the funds as the heir entitled to those funds.

Based on the foregoing, Lanier has not met her burden of showing that she is presently entitled to claim the unclaimed funds, either on behalf of the estate or for herself. The documents she has submitted to the Court do not conclusively establish that she is the true owner

---

[3] The Official Code of Georgia (O.C.G.A.) sections that provide for transfers of property of an intestate estate without the necessity of administration or an order of no administration necessary include: O.C.G.A. § 53-1-6, (payment to surviving spouse of state or federal income tax overpayments); § 7-1-239, § 7-1-239.1 and § 7-1-230.1 (transfers from deposit/bank accounts); § 7-1-792 (building and loan associations can pay deposit of up to $1,000 for funeral expense of decedent); § 31-7-13 (property in possession of hospital or nursing home belonging to patient who dies while at hospital or nursing home); § 34-7-4 (payment of employee's wages); § 40-3-34 (certain transfers of motor vehicles); and § 40-9-39 (repayment of security deposit of $1000 or less for certain motor vehicle accidents).

of the funds sought or that she has the authority to collect the funds on behalf of the true owner. Although the Court has no reason to doubt that Lanier is an heir to the intestate estate of the Debtor, without proof of her authority to collect the funds as an administrator of the estate (i.e. a certified copy of a Georgia letter of administration) and without an order of no administration from the appropriate probate court, this Court cannot release the funds to her.

## CONCLUSION

Accordingly, the Court hereby DENIES the Motion to Release Unclaimed Funds without prejudice to Lanier's filing another such request in the future, with additional proof or information as required herein.

[END OF DOCUMENT]